59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Antonio ANDRADE-MARAVILLA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70128.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Arn-wic-rip.
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Andrade-Maravilla, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals ("BIA") decision dismissing his appeal from the immigration judge's ("IJ") denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c).
 
 
 3
 In his petition to this court, Andrade-Maravilla contends that the BIA abused its discretion by failing to properly consider the favorable equities presented by him in his section 212(c) application. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 * Background
 
 
 5
 Andrade-Maravilla was admitted to the United States as a lawful permanent resident in 1983. Andrade-Maravilla is married to a United States citizen and the father of four United States citizen children.
 
 
 6
 In 1991, he was convicted of sale of methamphetamine, a controlled substance in violation of Cal.Health & Safety Code Sec. 11378.
 
 
 7
 In 1992, the INS issued Andrade-Maravilla an order to show cause ("OSC"), charging him with being a deportable alien pursuant to INA Sec. 241(a)(2)(B)(i), 8 U.S.C. Sec. 1251(a)(2)(B)(i), based on his having been convicted of a law relating to a controlled substance, and INA Sec. 241(a)(2)(A)(iii), 8 U.S.C. Sec. 1251(a)(2)(A)(iii), based on his conviction for an aggravated felony.
 
 
 8
 At the deportation hearing, the IJ found Andrade-Maravilla deportable by clear, unequivocal, and convincing evidence, a finding not challenged by Andrade-Maravilla on petition for review. Andrade-Maravilla applied for a section 212(c) waiver of deportation, which the IJ denied.
 
 
 9
 On appeal to the BIA, Andrade-Maravilla argued that the IJ erred by denying his section 212(c) application. The BIA dismissed Andrade-Maravilla's appeal, finding that although his equities, in terms of family ties, rose to the level of unusual or outstanding, such equities were outweighed by his criminal record.
 
 II
 Standard of Review
 
 10
 We review the BIA's fact-finding to see if it is supported by substantial evidence, and the balancing of equities for section 212(c) relief for an abuse of discretion. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). "We may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 
 11
 The BIA must "describe with sufficient particularity and clarity the reasons" for its decision. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994). If the BIA fails to do so, then we will review the decision of the IJ. See Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993).
 
 III
 Merits
 
 12
 Andrade-Maravilla contends that the BIA abused its discretion by denying his application for a section 212(c) waiver of deportation. This contention lacks merit.
 
 
 13
 In deciding whether an alien merits relief under section 212(c), the BIA must take into account the social and humane considerations presented in the alien's favor and balance them against evidence of the alien's undesirability as a permanent resident.[1] Yepes-Prado, 10 F.3d at 1365-66. In addition, the IJ's credibility determinations are accorded substantial weight. Gonzales-Rivera v. INS, 22 F.3d 1441, 1445 (9th Cir.1994).
 
 
 14
 Here, the BIA acknowledged Andrade-Maravilla's equities, including the fact that he has a United States citizen wife and four United States citizen children, but also observed that the IJ had found that parts of his testimony was incredible. After a review of the record, the BIA implicitly adopted the IJ's determination that the negative factors outweighed Andrade-Maravilla's equities. In his decision, the IJ considered Andrade-Maravilla's equities, including his strong family ties, ownership of property, work history, community ties, but nonetheless found that these positive factors were insufficent to outweigh Andrade-Maravilla's significant involvement in the drug trade and his lack of candor to his family and to the IJ.
 
 
 15
 Because the IJ supported his conclusion with a reasoned explanation based upon legitimate concerns, the BIA did not err in affirming the IJ's denial of discretionary relief, and we will not set aside its decision. See Ayala-Chavez, 944 F.2d at 642; Gonzales-Rivera, 22 F.3d at 1445.
 
 
 16
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA has set out factors which it will consider in making its equitable determination. Yepes-Prado, 10 F.3d at 1366. Factors weighing against waiver include: (1) the nature and underlying circumstances of the ground of deportation; (2) the presence of other violations of the nation's immigration laws; (3) the existence of a criminal record; and (4) the presence of other evidence indicative of the applicant's bad character or undesirability as a legal permanent resident of the United States. Factors weighing in favor of waiver include: (1) the presence of family ties within the United States; (2) residence of long duration in this country; (3) hardship to the alien and family if deported; (4) history of employment; (5) property or business ties; (6) community service; and (7) when there is a criminal record, genuine rehabilitation. Id